UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLYDE B. WILLIAMS,

                    Petitioner,

                                            Case No. 22-cv-1275-pp

        v.

LARRY FUCHS,[1]

                    Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING PETITIONER TO REFILE ON COURT'S OFFICIAL FORM**

On October 27, 2022, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petitioner indicates that the state court did not enter a conviction in his 1990 criminal case because the proceeding held on June 7, 1990 violated his due process rights. Id. at 1. Because the petitioner did not follow the court's local rule in filing his petition, the court will require him to amend it if he wants to proceed.

**I.      Rule 4 Screening**

**A.      Standard**

Rule 4 of the Rules Governing §2254 proceedings provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases. "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as a respondent the state office who has custody." The petitioner is incarcerated at Columbia Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Larry Fuchs as the respondent.

1

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust

the claim or amend his petition to present only exhausted claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999); <u>Thomas v. McCaughtry</u>, 201 F.3d 995, 1000 (7th Cir. 2000).

B.    <u>The Petition</u>

Civil Local Rule 9(a) of the Eastern District of Wisconsin requires that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for that relief. The petitioner did not follow this rule. While he did use *a* form to prepare his petition, it is not this court's form. It appears to be a form created by the Administrative Office of U.S. Courts and revised in 2017. And even though the petitioner used that form, the filing is disjointed. The first page of the document the petitioner filed is marked at the bottom as "Page 2 of 16." Dkt. No. 1 at 1. The second page is not part of the form; it is a single-spaced, typed page that begins with the word "Continue," then lists and summarizes cases. <u>Id.</u> at 2. The third page of the petitioner's filing is part of the AO form, but at the bottom is marked "Page 3 of 16." <u>Id.</u> at 3. The fourth page of the

3

petitioner's filing is marked at the bottom "Page 10 of 16." Id. at 4. The fifth page of the petitioner's filing is marked at the bottom "Page 9 of 16." Id. at 5. Perhaps the form the petitioner used might have provided the court with the information it needed to evaluate his request for relief if he had completed the entire form in the correct order and including all pages of the form. But he did not.

Some of the what the petitioner filed is typewritten and cites to federal and state cases. In other places, he has hand-written statements like "I not understand what is Ground? My lawyer will answer these Question," or "I am unsure of How to Answer These Question." Id. at 4. On the fifth page of the filing, he answered the question asking the name of the court where he filed his appeal with "I'm confuse," then later asserted that "I was not Found Guilty, on June, 7 1990 in Case No. 00-CF-558" when asked to state facts supporting his third ground for relief. Id. at 5. This perplexing assertion—that in a year 2000 case, the petitioner was not found guilty on June 7, 1990 (ten years earlier)—appears several times in the petition. The Wisconsin Circuit Court Access Program indicates that in September 1996 the petitioner was charged in a case that resulted in a July 1, 1997 jury verdict of guilty on one count of first-degree sexual assault of a child. State v. Williams, 1996CF000826 (Racine County Circuit Court) (available at https://wcca.wicourts.gov). The site also reflects that in State v. Williams, 2000CF000558 (Racine County Circuit Court), a jury found the petitioner guilty of two counts of first-degree sexual assault of a

4

child. Both cases were filed after 1990, so the court cannot determine what the petitioner means when he says he was not found guilty on June 7, 1990.

Nor can the court identify the grounds for relief the petitioner is attempting to raise. When the court asks a *habeas* petitioner for the "grounds" for relief, it really is asking the petitioner to explain the reasons that he believes he is entitled to *habeas* relief. What does the petitioner believe the trial court or his lawyer or the jury did wrong? Why does he believe that his conviction violated federal law or the Constitution? On the page where he was asked to describe his first ground for relief, the petitioner wrote "4th, 5th, 6th, 7th, 8th, 14th." Dkt. No. 1 at 14. The court assumes that these numbers refer to the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution. But the space provided for him to state supporting facts is blank. The same circumstance happens on the page where he was asked to state his fourth ground for relief. Id. at 16. In contrast, on the page where he was asked to state his third ground for relief, the petitioner left the line blank, but stated in the "supporting facts" section, "I was not Found Guilty, on June, 07, 1990 in Case No. 00-CF-558." Id. at 5.

The petitioner states several times that he has exhausted his remedies. But because he did not use the court's form, and because he did not file the form he *did* use in the correct order, the court cannot determine whether he has, in fact, exhausted his state remedies. Nor can the court determine whether the petition was timely filed. It appears that the petitioner is challenging a conviction that is anywhere from twenty to thirty years old.

Generally, the *habeas* statute requires a petitioner to file his petition within one year of the date his conviction becomes final. 28 U.S.C. §2244(d). There are some exceptions to that rule, but the court cannot determine from this petition whether any of those exceptions apply.

The court does not have the information it needs to decide whether the petitioner is entitled to proceed. If the petitioner wishes to continue with this *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is including with this order a blank copy of the form and the guide for completing it. The petitioner must write the word "Amended" in the caption on the first page of the form, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody." He must put the case number for this case—22-cv-1275—in the space next to the words "Docket No." on the first page. He must identify the institution where he is incarcerated, and he must list as the "Respondent" the warden or superintendent or other official in charge of that institution. The petitioner must fill out all the sections of the petition, in the order that they appear, identifying each separate ground for relief and the supporting facts for each ground.

If the court receives the amended petition by the deadline the court will set below, it will screen the amended petition and decide whether the petitioner may proceed. If the court does *not* receive the amended petition by the deadline the court sets below, the court will dismiss this case on the next business day without further notice or hearing.

6

## II.     Conclusion

The court **DIRECTS** the clerk of the court to update the docket to reflect that Larry Fuchs is the correct respondent.

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court is providing with this order. The petitioner must file the amended petition in time for the court to *receive* it by the end of the day on **February 17, 2023**. If the court does not receive the amended petition by the end of the day on February 17, 2023, the court will dismiss the petition without prejudice on the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 12th day of January, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7